**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ALPHONSE MCINTOSH**, | |
| *Plaintiff,* | **Case No. 2:23-cv-02958-JDW** |
| v. | |
| **USAA CASUALTY INSURANCE COMPANY,** | |
| *Defendant.* | |

## <u>MEMORANDUM</u>

The Federal Rules of Civil Procedure don't impose a high burden on potential plaintiffs, but they do impose a burden. Rule 11 says you have to investigate your claim and have a good faith basis to make factual allegations, and Rule 8 says you have to include in a complaint enough facts to state a plausible claim. Taken together, these rules mean that a potential plaintiff can't just assert a claim without a basis and hope to sort it out later. Alphonse McIntosh is unhappy that those rules could prevent him from asserting a claim of bad faith against his insurer, USAA Casualty Insurance Company. To be sure, insurers like USAA almost always know more facts than their insureds about their claims handling. But that doesn't excuse potential plaintiffs from investigating their claims and then limiting themselves to the claims for which they have factual support. Because Mr. McIntosh has not pled facts to support his bad faith claim, I will dismiss it.

## I.   BACKGROUND

On March 17, 2021, Mr. McIntosh was driving his vehicle when an uninsured driver rear-ended him. He suffered injuries to his neck and his back. USAA insured Mr. McIntosh at the time of the accident. Mr. McIntosh provided USAA with documentation that the other driver was uninsured, that he had suffered injuries to his neck and back, and that his employer had asserted a subrogation lien of $42,808.69. USAA offered to settle for $54,800, which Mr. McIntosh rejected.

Mr. McIntosh sued USAA in state court. USAA removed the case to this Court. On August 7, 2023, Mr. McIntosh filed an Amended Complaint asserting two claims: (1) Uninsured Motorist Benefits; and (2) Bad Faith. USAA moved to dismiss the bad faith claim, and the Motion is now ripe for disposition.

## II.   LEGAL STANDARD

### A.   Motion to Dismiss

A district court may dismiss a complaint for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (quotation omitted). A court should accept well-pled factual allegations as true and "determine whether they plausibly give rise to an entitlement to relief." *Id.* (quotation omitted). The court must "construe those truths in the light most favorable to

the plaintiff, and then draw all reasonable inferences from them." *Id.* at 790 (citation omitted).

## B.    Bad Faith

A claim of bad faith under Pennsylvania law may lie when "(1) the defendant insurer did not have a reasonable basis for denying the policy benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis when it denied the claim." *Diaz v. Progressive Advanced Ins. Co.*, No. 5:19-CV-06052-JDW, 2020 WL 868133, at *1 (E.D. Pa. Feb. 21, 2020) (citation omitted). This would include "any frivolous or unfounded refusal to pay proceeds of a policy." *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. Ct. 1994). However, an insurer's negligence or bad judgment alone is insufficient to demonstrate bad faith. *Rau v. Allstate Fire & Cas. Ins. Co.*, 793 F. App'x 84, 87 (3d Cir. 2019). Accordingly, to survive this motion to dismiss, Mr. McIntosh must plead that (1) USAA lacked a reasonable basis to deny benefits under the insurance policy and (2) USAA knew of or recklessly disregarded its lack of a reasonable basis. *See Berg v. Nationwide Mut. Ins. Co., Inc.*, 235 A.3d 1223, 1245 (Pa. 2020).

## III.    DISCUSSION

The Amended Complaint does not plead facts to support a claim of bad faith. It alleges that USAA "violat[ed] the policy's covenant of good faith and fair dealing and/or committed the tort of bad faith" (ECF No. 5 at ¶ 15), but that's just a legal conclusion, so I have disregarded it. The Amended Complaint does not allege that USAA failed to

investigate Mr. McIntosh's claim or that it failed to review the information that he sent. It just alleges that USAA made a settlement proposal that Mr. McIntosh deemed too low. But there's nothing improper about an insurer valuing a claim differently than its insured, even if the insurer's valuation is a product of bad judgment. The Third Circuit reached that conclusion in *Smith v. State Farm Mut. Auto Ins. Co.*, and although that unpublished opinion is not binding, I agree with its logic. *See* 506 F. App'x 133, 137 (3d Cir. 2012); *see also Kleinz v. Unitrin Auto & Home Ins. Co.*, No. 2:19-CV-01426, 2020 WL 7263548, at *10 (W.D. Pa. Dec. 10, 2020) (explaining that "a low but reasonable estimate of the insured's losses cannot support a claim of bad faith"). Instead, there must be some fact suggesting that the insurer acted with a "dishonest purpose . . . through some motive of self-interest or ill will." *Nw. Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 137 (3d Cir. 2005) (citing *Terletsky*, 649 A.3d at 688). The Amended Complaint has no facts to support that allegation.

The two non-binding cases that Mr. McIntosh cites to support his argument are not persuasive. In *Castillo v. Progressive Ins.*, a plaintiff's bad faith claim survived a motion to dismiss when the plaintiff pled that the defendant "failed to properly investigate plaintiff's claims, refused to pay plaintiff's claims without conducting a prompt, reasonable investigation based upon all available information, denied the claim without conducting a completely independent review of plaintiff's injuries and damages, and caused unreasonable delay in all aspects of the handling of plaintiff's claim." No.

4

3:19CV1628, 2019 WL 5692771, at *3 (M.D. Pa. Nov. 4, 2019). But Mr. McIntosh does not allege that USAA failed to investigate. *Castillo* is therefore distinguishable on its facts.

Mr. McIntosh also cites to *1009 Clinton Properties LLC v. State Farm Fire & Cas. Co.* for the proposition that I should let his bad faith claim proceed to discovery because information about claims handling is in USAA's unique control. *See* No. CV 18-5286, 2019 WL 1023889, at *5 (E.D. Pa. Mar. 4, 2019). The decision in *1009 Clinton Properties* is an outlier, as other Judges in this District have noted. *See, e.g., Lopez by Reid v. Selective Ins. Co. of S.C.*, No. CV 20-1260, 2020 WL 3265148, at *3 (E.D. Pa. June 17, 2020); *Shetayh v. State Farm Fire & Cas. Co.*, No. 5:20-CV-00693, 2020 WL 1074709, at *3 (E.D. Pa. Mar. 6, 2020).

To the extent that *1009 Clinton Properties* holds or that Mr. McIntosh argues that a plaintiff pleading an insurance bad faith claim need not plead the facts to support the claim, I disagree. If a plaintiff intends to assert a claim based on facts that are within a defendant's possession, he can plead those facts on information and belief. *See In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). Thus, if Mr. McIntosh or any other plaintiff has a good faith basis to accuse an insurer of bad faith in its claims handling, the Federal Rules permit him to do so even without having all of the facts. But the Federal Rules do not allow a plaintiff like Mr. McIntosh to assert a claim without any factual support and then hope that the facts bear him out.

If Mr. McIntosh's gripe with the Rules is that they require him to "produc[e] clear and convincing evidence of [b]ad [f]aith" (ECF No. 14 at 11), he's wrong. The Third Circuit has held that "[s]tandards of pleading are not the same as standards of proof." *Phillips v. County of Allegheny*, 515 F.3d 224, 246 (3d Cir. 2008). What is required at this stage is for a plaintiff to allege sufficient factual matter that, if accepted as true, states a claim for relief that is plausible. *Connelly*, 809 F.3d at 786.

Finally, Mr. McIntosh suggests that the pleading standard makes it almost impossible for potential plaintiffs to plead bad faith. I disagree. Every potential plaintiff has some insight into what happened during the claims adjusting process. But the reality is that most insurance denials are not a product of bad faith, just a disagreement about the merits or value of the claim. So, if the result of the pleading rules is that the majority of insureds cannot sue insurers for bad faith, that's not the troubling outcome that Mr. McIntosh suggests.

## IV.    CONCLUSION

Mr. McIntosh's Amended Complaint fails to state a plausible claim for bad faith. Accordingly, I will dismiss that claim. An appropriate Order follows.

                                        **BY THE COURT:**


                                        */s/ Joshua D. Wolson*
                                        JOSHUA D. WOLSON, J.

October 6, 2023